# IN THE UNITED STATES DISTRICT COURT
# OF THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM G. SCHWAB, Chapter 7 Trustee, | : | No. 3:12cv2269 |
| Appellant | : | (Judge Munley) |
| v. | : | (Bankruptcy Appeal) |
| JAMES S. ROCKEL, JR., and REBECCA A. ROCKEL, | : | |
| Appellees | : | |

## MEMORANDUM

Before the court is William G. Schwab's appeal from Bankruptcy Judge Robert N. Opel, II's decision overruling his objections to James S. Rockel Jr. and Rebecca A. Rockel's amended bankruptcy schedules and denying his request for a surcharge. The matter has been fully briefed and is ripe for disposition. For the following reasons, the appeal will be denied.

**Background**

Appellees James S. Rockel Jr. and Rebecca A. Rockel (hereinafter "debtors") filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code on July 25, 2011, in the United States Bankruptcy Court for the Eastern District of Pennsylvania. (Doc. 2-2, Bankr. Pet. (hereinafter "Bankr. Pet.") at 1-2; Doc. 2-6, Stipulation of Facts

(hereinafter "SF") ¶ 1). Subsequent to the initial filing, the case was transferred to the United States Bankruptcy Court for the Middle District of Pennsylvania wherein Appellant William G. Schwab (hereinafter "Trustee") was appointed as the Chapter 7 Trustee. (Doc. 2-8, Bankr. Docket (hereinafter "Bankr. Docket") at 2-3).

On their initial bankruptcy petition, debtors did not list or claim an exemption in any 2011 federal income tax refund. (Bankr. Pet. at 12-15). Five (5) months later, however, while attending their first meeting of creditors (hereinafter "section 341 meeting"), debtors indicated they were likely to receive a 2011 federal income tax refund but their case was still classified as a no asset case. (SF, Ex. A, Trustees Questionnaire at 1-5).

Shortly after the section 341 meeting, the Trustee filed a Tax Refund Intercept with the Internal Revenue Service. (SF ¶ 4). Subsequent to Trustee's intercept request, debtors filed their 2011 income tax return on April 14, 2012, seeking an income tax refund of $4,138.00. (SF ¶ 6). Debtors' income tax refund was intercepted by the Trustee on May 14, 2012. (Id. ¶ 7). Accordingly, the Trustee filed a notice to change debtors' bankruptcy case from a no asset case to an asset case. (Bankr. Docket at

2

5).

Upon learning that the funds obtained by the Trustee were debtors' income tax refund, debtors promptly filed an amended Schedule B to list the tax refund as an asset. (Id.) Additionally, debtors filed an amended Schedule C to exempt the tax refund under 11 U.S.C. § 522(d)(5). The Trustee filed an objection to debtors' exemptions to which debtors filed a response. (Id.) In addition to objecting to the debtors' amended schedules, the Trustee requested a surcharge to compensate the Trustee for work performed to intercept debtors' 2011 income tax refund. (Doc. 2-1, Trustee Objections ¶¶ 23-24).

On October 10, 2012, the Honorable Robert N. Opel, II, United States Bankruptcy Judge held a hearing. (Doc. 3, Tr. Bankr. Hr'g (hereinafter "Tr. Bankr. Hr'g") at 1). After reviewing the parties' briefs and hearing oral argument, Judge Opel overruled the Trustee's objection to debtors' amended exemptions and denied Trustee's request for a surcharge. (Id. at 7-8). Trustee filed a timely appeal on October 17, 2012. (Bankr. Docket No. 34). The parties briefed the issues bringing the case to its present posture.

**Jurisdiction**

We have jurisdiction over the instant bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1), which provides that the district courts of the United States have jurisdiction to hear appeals from final judgments, orders and decrees of the bankruptcy courts.

**Legal Standard**

The district court reviews the bankruptcy court decisions of law *de novo*. In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999). The bankruptcy court's findings of fact will only be set aside if clearly erroneous. FED. R. BANKR. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."); In re O'Brien, 188 F.3d at 122.

**Discussion**

The Trustee asserts two issues on appeal. First, he argues that debtors' amended claim for exemptions should be denied outright. Second, he argues that if debtors are allowed to amend their bankruptcy

4

petition, the court should surcharge debtors' amended exemptions to compensate the Trustee for additional time and expense in administering debtors' bankruptcy estate. We will address the issues *in seriatim*.

Prior to addressing the Trustee's issues, the court notes that when a debtor files a Chapter 7 bankruptcy petition, all of the debtor's assets become property of the bankruptcy estate subject to the debtor's right to reclaim certain property as exempt. See 11 U.S.C. §§ 541 and 522(b) and (l); see also Schwab v. Reilly, 130 S. Ct. 2652, 2657 (2010); Owen v. Owen, 500 U.S. 305, 308 (1991). Additionally, the Bankruptcy Code specifies the maximum value of the exemptions a debtor may claim in certain assets. Schwab, 130 S.Ct. at 2657; Owen, 500 U.S. at 308. Property a debtor claims as exempt will be excluded from the bankruptcy estate "[u]nless a party in interest" objects. 11 U.S.C. § 522(l).

The party objecting to the exemption bears the burden of proving, by a preponderance of the evidence, that an exemption is not properly claimed. FED R. BANKR. P. 4003(c); In re Walck, 459 B.R. 208, 211 (Bankr. M.D. Pa. 2011) (adopting preponderance of the evidence over clear and convincing as the appropriate burden of proof). If the objecting

party fails to carry their burden, the exemption will stand. Walck, 459 B.R. at 213, 215. In the present case, the Trustee objected to debtors' amended exemption. As such, the Trustee must prove, by a preponderance of the evidence, that debtors' exemption is not properly claimed.

**A. Debtors' amended claim of exemption**

In the present case, the Trustee does not contend debtors cannot exempt their 2011 income tax refund pursuant to the Bankruptcy Act. Instead, the Trustee argues that the exemption should not be allowed because debtors exhibited bad faith by amending their schedules so late in the case. Additionally, the Trustee argues debtors' late amendment prejudiced both debtors' creditors and the Trustee's ability to properly administer debtors' bankruptcy estate. Debtors argue they should be allowed to amend their schedules outright because they acted in good faith throughout the bankruptcy proceedings and the Trustee and creditors have not been prejudiced. For the reasons that follow, we agree with debtors.

Federal Rule of Bankruptcy Procedure 1009(a) provides that a debtor may amend his schedules "as a matter of course at any time before the

6

case is closed." FED R. BANKR. P. 1009(a); see also In re Michael, 163 F.3d 526, 529 (9th Cir. 1998). Such right is not unfettered and courts may refuse to allow an amendment where a debtor has acted in bad faith or where prejudice to creditors or the Trustee would result. In re Hannigan, 409 F.3d 480, 481 (1st Cir. 2005); Michael, 163 F.3d at 529; Walck, 459 B.R. at 213. Whether a debtor should be prohibited from amending his schedules is determined by an examination of the totality of the circumstances. In re Clark, 292 B.R. 599, 609 (Bankr. W.D. Pa. 2002). We address the issues of bad faith, prejudice to debtors' creditors and prejudice to the Trustee in turn.

**1. Bad Faith**

As a general rule, a debtor acts in bad faith when he/she files an amendment to include an asset intentionally hidden from the initial bankruptcy petition. Walck, 459 B.R. at 212. Additionally, "[b]ad faith may encompass intentional misconduct that, in retrospect, was not in the actor's best interest." Hannigan, 409 F.3d at 483; see also In re Bauer, 298 B.R. 353, 357 (B.A.P. 8th Cir. 2003) (finding bad faith in substantially undervaluing equity in a home).

7

In the present case, debtors acted in good faith throughout the bankruptcy proceedings. Debtors did not intentionally fail to disclose an asset and subsequently claim an exemption the day or week before the Trustee was about to sell the unscheduled asset. Rather, debtors admitted they expected to receive a 2011 income tax refund while attending their section 341 meeting on December 20, 2011. Additionally, the amount of a tax refund cannot be determined until the completion of the taxable year. In re Evinger, 354 B.R. 850, 856 n.2 (Bankr. W.D. Ark. 2006). Thus, it was well within reason for debtors to neither consider the tax refund as an asset when filing their Chapter 7 bankruptcy petition on July 27, 2011, nor amend their schedules at or immediately following their section 341 meeting.

In support of his position, the Trustee relies upon In re Colvin where the bankruptcy court found debtors acted in bad faith by not disclosing their $10,000 federal income tax refund on their initial bankruptcy petition. 288 B.R. 477 (Bankr. E.D. Mich. 2003). We find Colvin distinguishable from the instant case. In Colvin the debtors failed to include their income tax return on their initial bankruptcy petition even though debtors had knowledge of their federal income tax refund because they filed their income tax return

shortly before filing their bankruptcy petition. Id. at 482. Moreover, the debtors physically received their income tax refund before attending their section 341 meeting. Id. at 479.

The instant case is distinguishable. Here, debtors filed their Chapter 7 bankruptcy petition eight and one-half (8½) months before filing their 2011 income tax return. Debtors did not know the specific amount of their refund while attending the section 341 meeting. Finally, debtors promptly filed amended Schedules B and C to list and exempt the tax refund ten (10) days after receiving notice from the Trustee to change debtors' case from a no asset case to an asset case. As such, the totality of the circumstances reveals debtors acted in good faith throughout the bankruptcy proceeding.

## 2. Prejudice to Debtors' Creditors

The Trustee next argues debtors' amendments should be disallowed because debtors' creditors will be prejudiced. Creditors are prejudiced when:

> [T]hey suffer an actual economic loss due to the delay in filing the amendment. Actual economic loss must consist of a loss beyond that which would occur in the usual case where any asset is exempted. Prejudice

> may also arise if creditors would have taken different actions, or asserted other positions, if the exemptions had been claimed earlier.

Walck, 459 B.R. at 212. (citations omitted). "Mere delay in filing the amendment, or the fact that an amendment if allowed will result in the exemption being granted, are not sufficient to show prejudice." Id.

Turning to the present case, debtors became aware of the Trustee's retention of their 2011 income tax refund after the Trustee filed a notice to change debtors' bankruptcy from a no asset case to an asset case on May 25, 2012. As stated above, debtors filed amended Schedules B and C to list and exempt their tax refund on June 4, 2012. We find a ten (10) day delay insufficient to demonstrate prejudice to debtors' creditors.

Additionally, debtors' creditors are not prejudiced because debtors' creditors have not suffered any actual economic loss. Actual economic loss occurs when creditors suffer "a loss beyond the loss that occurs when any asset is exempted." Id. Here, debtors' creditors would not have received any payments if the exemption had been originally claimed. Therefore, simply receiving notice that debtors' case changed from a no asset case to an asset case back to a no asset case does not establish

prejudice. Accordingly, the Trustee has failed to prove debtors' amendment has prejudiced creditors.

### 3. Prejudice to Trustee

Finally, the Trustee argues debtors' amendment has impaired his ability to administer debtors' estate. "A late amendment also can be prejudicial if it impairs a trustee's ability to administer the debtor's estate." Walck, 459 B.R. at 213. (citations omitted). Here, the Trustee filed an application to employ himself as counsel on December 21, 2011. (Bankr. Docket at 4). The Trustee also completed the tax intercept paperwork on January 18, 2012. (SF ¶ 4). Finally, he filed a notice on May 25, 2012, to change debtors' bankruptcy case from a no asset case to an asset case. As properly noted by the Bankruptcy Court, "the Trustee has not expended a lot of labor or unreimbursable expenses in this case." (Tr. at 7). Thus, the Trustee's ability to administer the bankruptcy estate has not been impaired by debtors' amended claim for exemption.

### 4. Public Policy Supports Debtors' Amendment

Moreover, the policy behind the Bankruptcy Code guides us toward our conclusion. The Bankruptcy Code exists "to provide a procedure by

11

which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy a new opportunity in life . . . ." Grogan v. Garner, 498 U.S. 279, 286 (1991); see also Schwab, 130 S. Ct. at 2667.  The opportunity for a fresh start is limited to the "honest but unfortunate debtor."  Grogan, 498 U.S. at 286-87; In re Bogan, 302 B.R. 524, 529 (Bankr. W.D. Pa. 2003).  "To help the debtor obtain a fresh start, the Bankruptcy Code permits him to withdraw from the estate certain interests in property, such as his car or home, up to certain values." Schwab, 130 S. Ct. at 2667 (citations omitted).  Furthermore, "[t]he purpose of the Bankruptcy Code's exemption provisions is to foster the historic 'fresh start' goals embedded in modern bankruptcy policy by permitting a debtor to maintain assets sufficient for the basic necessities of life." In re Funches, 381 B.R. 471, 491 (Bankr. E.D. Pa. 2008) (citations omitted).  Based upon our analysis, we find debtors to be honest but victims of unfortunate circumstances heretofore described.  Accordingly, the Trustee's appeal on the issue of debtors' amended schedules will be denied.

**B.  Surcharge**

In addition to disallowing debtors' amendment, the Trustee appeals

the Bankruptcy Court's denial of a surcharge.  While not explicitly authorized in the Bankruptcy Code, "the bankruptcy court may equitably surcharge a debtor's statutory exemptions when reasonably necessary both to protect the integrity of the bankruptcy process and to ensure that a debtor exempts an amount no greater than what is permitted by the exemption scheme of the Bankruptcy Code." Latman v. Burdette, 366 F.3d 774, 786 (9th Cir. 2004).  In other words, a surcharge against the value of otherwise exempted property may be used as a remedy when debtors have acted in bad faith by failing to disclose an asset that is no longer available to be used to pay the creditor's claims.  Malley v. Agin, 693 F.3d 28, 28-31 (1st Cir. 2012).  A surcharge should be applied only in exceptional circumstances when a debtor engages in inequitable conduct that denies payment to creditors.  In re Brooks, 393 B.R. 80, 86 (Bankr. M.D. Pa. 2008) (citing Latman v. Burdette, 366 F.3d at 786).  Because the Trustee's arguments for a surcharge are almost identical to those disallowing debtors' amended schedules, the analysis given above is equally applicable here.  Ergo, we will deny Trustee's request for a surcharge.

13

**Conclusion**

For the stated reasons, we find that the Bankruptcy Court properly allowed debtors' amended schedules over the Trustee's objections and properly denied Trustee's request for a surcharge. Debtors acted in good faith and the amendment did not prejudice the Trustee or debtors' creditors. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# OF THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM G. SCHWAB, Chapter 7 Trustee, | : | No. 3:12cv2269 |
| Appellant | : | (Judge Munley) |
| v. | : | (Bankruptcy Appeal) |
| JAMES S. ROCKEL, JR., and REBECCA A. ROCKEL, | : | |
| Appellees | : | |

## **ORDER**

**AND NOW**, to wit, this 28th day of February 2013, Trustee William Schwab's appeal of Bankruptcy Judge Robert N. Opel, II's order of October 10, 2012 (Doc. 1) is hereby **DENIED**. The clerk of court is directed to close this case.

                                       **BY THE COURT:**

                                       **s/ James M. Munley**
                                       **JUDGE JAMES M. MUNLEY**
                                       **United States District Court**